UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,**

Plaintiff,

-against-

**COMPLAINT**

Civil Action No.

YAIR BEN-ZAKEN, Individually, and as officer, director,
shareholder and/or principal of BEN RESTAURANT CORP.
d/b/a HOME THE BRONX STEAKHOUSE,

and

BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE,

Defendants.

------------------------------------------------------------------------

Plaintiff, Joe Hand Promotions, Inc. (hereinafter "Plaintiff"), by its attorneys,

LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets

forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28

U.S.C. Section 1331, which states that the district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, inter alia, a

substantial part of the events or omissions giving rise to the claim occurred within Bronx

County, which is within the Southern District of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(b)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the State of New York.  Moreover, upon information and belief, Defendants have their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5.  The Plaintiff is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Pennsylvania, New York 19053 and duly registered to do business in the State of New York.

6.  Plaintiff, by contract, is the exclusive United States commercial distributor of the Taylor v. Serrano 3 PPV Broadcast which occurred on July 11, 2025, including all undercard matches and the entire television Broadcast, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7.  Upon information and belief, the Defendant, YAIR BEN-ZAKEN, resides at 3755 Henry Hudson Pkwy, Apt 7F, Bronx, NY 10463.

8. Upon information and belief, the Defendant, YAIR BEN-ZAKEN, was the officer, director, shareholder and/or principal of BEN RESTAURANT CORP. located at 224 W 238 St., Bronx, NY 10463. The New York Liquor License records reflect that YAIR BEN-ZAKEN is the Principal of BEN RESTAURANT CORP. Please see Exhibit "A" attached hereto.

9. Upon information and belief, the Defendant, YAIR BEN-ZAKEN, was the individual with supervisory capacity and control over the activities occurring within the establishment known as BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE, located at 224 W 238 St., Bronx, NY 10463.

10. Upon information and belief, the Defendant, YAIR BEN-ZAKEN, received a financial benefit from the operations of BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE, on July 11, 2025.

11. Upon information and belief, Defendant, YAIR BEN-ZAKEN, was the individual with close control over the internal operating procedures and employment practices of BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE, on July 11, 2025.

12. Upon information and belief, the Defendant, BEN RESTAURANT CORP., is a domestic corporation licensed to do business in the State of New York and was doing business under the trade or fictitious name HOME THE BRONX STEAKHOUSE.

13. Upon information and belief, the Defendant, BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE, is located at 224 W 238 St., Bronx, NY

-3-

10463, and had a lawful occupancy capacity of approximately 101-125 people on July 11, 2025.

14.    Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within HOME THE BRONX STEAKHOUSE located at 224 W 238 St., Bronx, NY 10463 on or about July 11, 2025.

## <u>COUNT I</u>

15.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "14," inclusive, as though set forth herein at length.

16.    Plaintiff is the exclusive commercial distributor of the Taylor vs. Serrano 3 Broadcast, including all undercard matches and the entire television Broadcast, which occurred on July 11, 2025, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV).

17.    Plaintiff's broadcast originated via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's") such as satellite, cable or digital streaming technology.

18.  Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the State of New York, allowing them to publicly exhibit the Broadcast to

their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

19.   The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

20.   In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

21.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted  signal and did exhibit the Broadcast at BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE located at 224 W 238 St., Bronx, NY 10463 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

22. Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming

intended for private, non-commercial use, paying a private use license fee and subsequently displayed it in the commercial establishment known as BEN RESTAURANT CORP. d/b/a HOME THE BRONX STEAKHOUSE at 224 W 238 St., Bronx, NY 10463 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

23. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

24. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet,

(5) Live or near-live Social Media Streaming or (6) Live Streaming Apps.  The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

25. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within HOME THE BRONX STEAKHOUSE located at 224 W 238 St., Bronx, NY 10463 without a license and without paying a license fee.

26.  47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

27.  By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

28.  By reason of the aforementioned Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

29.  As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

30.  Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

31.  Plaintiff hereby incorporates paragraphs "1" through "30" as though fully set forth herein.

32.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

33.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

34. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

35.  Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

36.  By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

-8-

37.    As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the July 11, 2025, Taylor vs. Serrano 3 Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain,

(b)    On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) An injunction prohibiting defendants from receiving, transmitting, and exhibiting Plaintiff's programming publicly without commercial license.

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii); and

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

Dated: December 15, 2025
      Ellenville, New York

                        **JOE HAND PROMOTIONS, INC.**

                        By:  /s/Julie Cohen Lonstein
                        JULIE COHEN LONSTEIN, ESQ.
                        (JL8521)
                        Attorney for Plaintiff
                        LONSTEIN LAW OFFICE, P.C.
                        190 South Main Street: P.O. Box 351
                        Ellenville, NY  12428
                        Tel:  (845) 647-8500
                        Fax:   (845) 647-6277
                        Email: Legal@signallaw.com
                        *Our File No. JHP25-07NY-02*